UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

OKIKO SOUNDIATA,                              :

               Petitioner,            :

       -against-                         :        **REPORT and RECOMMENDATION**

DALE ARTUS,                                   :        04 Civ. 1412 (DAB)(KNF)

            Respondent.           :
------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE DEBORAH A. BATTS, UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

Okiko Soundiata ("Soundiata") has petitioned the court for a writ of habeas corpus,

pursuant to 28 U.S.C. § 2254.  Soundiata contends that his confinement by the state of New York

is unlawful because: (1) during cross-examination at his trial, the prosecutor attempted,

improperly, to have him characterize police officer eyewitness testimony as untruthful and,

thereby, violated his due process rights; (2) the state presented insufficient evidence to obtain a

conviction and/or the verdict was against the weight of the evidence and, therefore, violated his

due process rights; and (3) the police officers who effected his arrest lacked probable cause to do

so and, thereby, violated his Fourth Amendment rights.

The respondent opposes Soundiata's petition for a writ of habeas corpus.  The respondent

contends that the petitioner's claims are: (1) procedurally barred; (2) unexhausted; and/or

(3) meritless.

## II.  BACKGROUND

On June 7, 1999, New York City Police Officers Daniel Ryan ("Ryan"), Solvieg McAuley ("McAuley"), Damion Jones ("Jones"), and Kevin Harrison ("Harrison"), of the Manhattan North Auto Larceny Unit, were traveling eastbound, in an unmarked police vehicle, on West 146th Street, between Broadway and Amsterdam Avenue, in Manhattan.  The officers were patrolling the area for stolen cars and other auto-related crimes.  While stopped at a traffic light on West 146th Street, Harrison observed a man, later identified as Christopher Knight ("Knight"), walking eastbound with money in his hand.  At the same time, Harrison noticed the petitioner and a third man standing together on the sidewalk, about nine feet from the police vehicle, and across the street from an elementary school.  Although a minivan was parked between the two men and the officers' vehicle, Harrison and his fellow officers were able to observe the men through the minivan's tinted windows.

As Knight approached the petitioner and the third man, Harrison, who had previously served on the police department's Brooklyn South Narcotics team as an undercover police officer, alerted his fellow officers that he thought a drug-related transaction was in progress.  The officers then observed Knight and the petitioner exchange something hand-to-hand.  Within moments, Knight resumed walking eastbound toward Amsterdam Avenue.  He was no longer carrying the money Harrison had observed in his hand seconds earlier, and Knight appeared to be counting a group of small objects in his hand.

The four officers exited their police vehicle and headed toward the men.  Harrison and Ryan pursued Knight.  Upon seeing Ryan, Knight dropped 10 reddish-pink glassine envelopes to the ground.  The envelopes were later recovered by Ryan.  Harrison then headed in the direction

2

of the petitioner and the third man.  As the officers approached the petitioner, he "dipped down"
behind the minivan and tossed a plastic bag to the ground.  Harrison apprehended Soundiata.  As
he did so, Soundiata threw three $10 bills to the ground.  The third man observed by the officers
fled; he was not apprehended.

After the petitioner was in custody, McAuley recovered, from the street behind the
minivan, the plastic bag Soundiata had thrown to the ground.  It contained 29 reddish-pink
glassine envelopes.  The 10 glassine envelopes Knight possessed were the same size and color as
the 29 glassine envelopes contained in the plastic bag the petitioner had thrown to the ground.
An analysis performed of the substance contained in the glassine envelopes revealed that it was
cocaine.

On June 21, 1999, Soundiata was indicted by a grand jury.  The indictment charged
Soundiata with: (1) two counts of criminal sale of a controlled substance in the third degree;
(b) one count of criminal possession of a controlled substance in the third degree; and (c) one
count of criminal possession of a controlled substance in the fifth degree.

Prior to trial, the petitioner moved to suppress the physical evidence recovered at the time
of his arrest.  Following a Mapp[1] hearing, the court denied the motion.  Thereafter, Soundiata
proceeded to trial.

On December 7, 1999, a jury convicted the petitioner for criminal sale of a controlled
substance in or near school grounds, a violation of New York Penal Law § 220.44 and criminal
possession of a controlled substance in the third and fifth degrees, violations of New York Penal

---

[1] A hearing held pursuant to Mapp v. Ohio, 367 U.S. 643, 81 S. Ct. 1684 (1961)
addresses the admissibility at a criminal trial of evidence obtained by law enforcement officials,
as a result of a search or seizure.

Law §§ 220.16 and 220.06, respectively.[2]  Thereafter, Soundiata was sentenced, as a second felony offender, to concurrent indeterminate prison terms of six to twelve years.

Soundiata appealed from the judgment of conviction to the New York State Supreme Court, Appellate Division, First Department.  He asked that court to upset his conviction because: (1) the prosecution attempted, through cross-examination, to have him characterize the police officer eyewitness testimony as untruthful; and (2) the verdict was against the weight of the evidence.  The Appellate Division affirmed his conviction, unanimously.  See People v. Soundiata, 299 A.D.2d 215, 749 N.Y.S.2d 140 (App. Div. 1st Dep't 2002).  The court found that the verdict rendered by the jury was based on legally sufficient evidence and was not against the weight of the evidence.  Id.  In addition, it found that there was no basis for disturbing the jury's determinations concerning credibility.  Moreover, the court also found that the only reasonable inference that could be drawn from the credible evidence was that the petitioner sold drugs to the apprehended buyer.  See id.  The Appellate Division determined that Soundiata's "challenge to the People's cross-examination of [him] concerning the truthfulness of the police testimony" was not preserved for appellate review.  See id.  However, it noted that, even if it were to review the claim on the merits, the claim would be rejected.

Soundiata sought leave to appeal to the New York Court of Appeals from the Appellate Division's determination; that application was denied.  See People v. Soundiata, 99 N.Y.2d 564, 754 N.Y.S.2d 217 (2002).  The instant application for a writ of habeas corpus followed.

---

[2] In order to simplify matters for the jury, and with the prosecution's consent, the court dismissed the first count of the indictment, charging the petitioner with criminal sale of a controlled substance in the third degree and submitted to the jury, for its consideration, the second count of the indictment, charging him with criminal sale of a controlled substance in or near school grounds.

### III.  DISCUSSION

*Prosecutorial Misconduct*

The petitioner contends that while he was being cross-examined at his trial, the prosecutor attempted, improperly, to compel him to characterize police officer eyewitness testimony as untruthful.  According to the petitioner, the prosecutor's cross-examination tactics violated his due process right to a fair trial.[3]  As noted above, the Appellate Division declined to review the petitioner's claim of prosecutorial misconduct because it was not preserved for appellate review.  The Appellate Division did not state expressly the basis for its finding that the petitioner's claim of prosecutorial misconduct was unpreserved.  However, it appears that the court relied upon New York's contemporaneous objection rule.  <u>See</u> New York Criminal Procedure Law ("CPL") § 470.05(2).[4]

A federal court may not review a question of federal law decided by a state court if the state court's decision rested on a state-law ground, be it substantive or procedural, that is

---

[3]At trial, the prosecutor asked petitioner, on cross-examination, the following: "So everything that Officer Harrison said about seeing you face-to-face with Mr. Knight and seeing you engage in an exchange, that's not true?"  <u>See</u> Trial Transcript at 469.  Petitioner's counsel exclaimed "objection," but failed to explain the grounds upon which the objection rested.  The court overruled the objection.

[4] CPL § 470.05, in its most pertinent part, provides that:

For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same.  Such protest need not be in the form of an "exception" but is sufficient if the party made his position with respect to the ruling or instruction known to the court . . . .

CPL § 470.05(2).

independent of the federal question and adequate to support the judgment.  See Coleman v.

Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553-54 (1991). This proscription applies even

in those circumstances where a state court expressly relies on a procedural default as an

independent and adequate state-law ground but, nevertheless, has ruled in the alternative on the

merits of the federal claim.  See Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990). However,

a habeas corpus petitioner may bypass the independent and adequate state-law ground by

showing cause for the default and prejudice attributable thereto or by demonstrating that a

fundamental miscarriage of justice will attend (that is, that the petitioner is actually innocent of

the crime for which he was convicted), if the claim is not reviewed by the habeas court.  See

Harris v. Reed, 489 U.S. 255, 262, 109 S. Ct. 1038, 1043 (1989).

　　　　The Second Circuit Court of Appeals has stated that a procedural bar is adequate to

support a state-court judgment only if it is based on a rule that is "firmly established and regularly

followed" by the state in question.  Cotto v. Herbert, 331 F.3d 217, 239-41 (2d Cir. 2003).  Thus,

the parties to an action must have notice of the state procedural rule and the rule must be applied

consistently in similar circumstances.  See Bell v. Poole, No. 00 Civ. 5214, 2003 WL 21244625,

at *9 (E.D.N.Y. Apr. 10, 2003).  Furthermore, a state procedural rule must serve a legitimate

state interest.  See Rosa v. Herbert, 277 F. Supp. 2d 342, 351 (S.D.N.Y. 2003).  However, "the

adequacy of a state procedural bar is determined with reference to the particular application of

the rule; it is not enough that the rule generally serves a legitimate state interest." Cotto, 331 F.3d

at 240 (quoting Lee v. Kemna, 534 U.S. 362, 387, 122 S. Ct. 877, 891 [2002]) (internal quotation

marks omitted). Therefore, an inquiry into whether the application of a procedural rule is "firmly

established and regularly followed" in the specific circumstances presented in a case includes "an

evaluation of the asserted state interest in applying the procedural rule in such circumstances." Id.

The purpose of CPL § 470.05(2) is "to fairly apprise the court and the opposing party of the nature and scope of the matter contested." People v. Jones, 81 A.D.2d 22, 41-42, 440 N.Y.S.2d 248, 261 (App. Div. 2d Dep't 1981).  Moreover, New York's highest court has held that general objections, that is, those that fail to advise the trial court of the basis for the objection, are insufficient to preserve an issue for appellate review.  See People v. Tevaha, 84 N.Y.2d 879, 881, 620 N.Y.S.2d 786 (1994) (finding that stating the word "objection," without more, is insufficient to preserve a claim for appellate review).  New York has a legitimate interest in applying its procedural rule because it promotes the efficient and effective administration of justice by ensuring that an appellate court will neither have to speculate about the error a criminal defendant claims occurred during a trial nor parse the trial record in search of the alleged error to which the defendant failed to direct the trial court's attention with specificity. New York's contemporaneous objection rule is firmly established and has, for many years, been applied to claims of error involving federal constitutional rights.  See People v. Iannelli, 69 N.Y.2d 684, 512 N.Y.S.2d 16 (1986); People v. Thomas, 50 N.Y.2d 467, 429 N.Y.S.2d 584 (1980).

Soundiata has not identified how the Appellate Division's application, to his case, of New York's contemporaneous objection rule and its proscription against general objections was a departure from the regular application of this rule to similar cases.  Therefore, the Court finds that the Appellate Division's decision, to apply the contemporaneous objection rule to the petitioner's case, rests on a state law that is independent of Soundiata's federal claim and adequate to support the judgment.  Consequently, the court would be warranted in denying the

petitioner habeas corpus relief unless he can show cause for his procedural default in the state court and resulting prejudice, or that the court's failure to consider his federal claim will result in a fundamental miscarriage of justice.  See Coleman, 501 U.S. at 750, 111 S. Ct. at 2565.  A fundamental miscarriage of justice exists in extraordinary cases where a habeas corpus petitioner is actually innocent of the charge for which he has been convicted.  See Bousley v. U.S., 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998).

In determining if cause is present for the procedural default, a court must be careful to limit its inquiry to external factors that inhibited the petitioner or the petitioner's counsel from asserting the claim.  See Murray v. Carrier, 477 U.S. 478, 492, 106 S. Ct. 2639, 2648 (1986).  External factors may include, *inter alia*, "interference by officials" that made compliance with the applicable state procedural rule impracticable or "a showing that the factual or legal basis for a claim was not reasonably available to counsel."  Id. at 488, 2645.

The petitioner has not met his burden of demonstrating to the Court cause and prejudice for his counsel's failure to abide by the contemporaneous objection rule, by elaborating on the basis of his objection at the time he registered his protest to the cross-examination of the petitioner by the prosecutor.  Nor has he demonstrated that the failure to consider his federal claim will result in a fundamental miscarriage of justice.  Therefore, the Court finds that the petitioner is not entitled to habeas corpus relief on this branch of his application for the writ.

*Insufficient Evidence and Conviction Against the Weight of the Evidence*

Petitioner claims that his due process rights were violated because "the People failed to prove the sale [element] of the [charge] . . . beyond a reasonable doubt and . . . the verdict is against the weight of the evidence."  A challenge to a verdict based on the weight of the evidence

is different from a challenge based on the sufficiency of the evidence: "[T]he 'weight of the evidence' argument is a pure state law claim grounded in New York Criminal Procedure Law § 470.15(5), whereas, a legal sufficiency claim is based on federal due process principles." Garbez v. Greiner, 01 Civ. 9865, 2002 WL 1760960, at *8 (S.D.N.Y. July 30, 2002) (citing People v. Bleakley, 69 N.Y.2d 490, 495, 515 N.Y.S.2d 761, 763 [1987]). A weight of the evidence claim is not cognizable on federal habeas review. See Ex parte Craig, 282 F. 138, 148 (2d Cir. 1922), aff'd, 263 U.S. 255, 44 S. Ct. 103 (1923). Accordingly, petitioner's claim, to the extent that it raises a weight of the evidence argument, cannot be the basis for habeas corpus relief.

A petitioner bears a "very heavy burden" in requesting habeas corpus relief on insufficient evidence grounds. See Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002) (citation omitted). Where, as here, a state court has adjudicated the merits of a claim raised in a petitioner's federal habeas corpus petition, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that the writ be denied unless the state court's adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 407-08, 120 S. Ct. 1495, 1520 (2000); Francis S. v. Stone, 221 F.3d 100, 107-108 (2d Cir. 2000). Moreover, a state court's determination of factual issues is presumed correct. See 28 U.S.C. § 2254(e)(1). An applicant for habeas corpus relief bears the burden of rebutting the presumption of correctness by clear and convincing evidence. See id.

9

The Appellate Division's determination, that Soundiata's conviction was based on legally sufficient evidence, was not contrary to, or an unreasonable application of clearly established federal law.  The Appellate Division based its determination on a review of the trial record, consistent with the standard set by the Supreme Court, see Jackson v. Virginia, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979), and concluded that the only reasonable inference that could have been drawn by the jury, from the credible evidence adduced at the trial, was that Soundiata had sold drugs to a purchaser, who was not apprehended by the police officers who observed the sale transaction and, thereafter, effected Soundiata's arrest.

In the circumstance of the instant case, the petitioner is not entitled to obtain habeas corpus relief, based upon his claim that insufficient evidence to support his conviction was presented at his trial.

*Lack of Probable Cause to Arrest*

The petitioner claims that he is entitled to habeas corpus relief because his Fourth Amendment rights were violated, since the police lacked probable cause to arrest him.

A petitioner must exhaust all available state remedies either on direct appeal or through a collateral attack of his conviction before he may seek a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b); Bossett v. Walker, 41 F.3d 825, 828-829 (2d Cir. 1994), *cert. denied*, 514 U.S. 1054, 115 S. Ct. 1436 (1995).  This means that the petitioner must have presented his constitutional claim to the highest state court from which a decision can be obtained.  See Morgan v. Bennett, 204 F.3d 360, 369 (2d Cir. 2000) (citing Grey v. Hoke, 933 F.2d 117, 119 [2d Cir. 1991]).  A claim is properly exhausted when the state court is fairly apprised of the claim's federal constitutional nature and of the factual and legal premises underlying the claim.

Grey, 933 F.2d at 119-20.

In the instant case, the petitioner did not raise his Fourth Amendment claim in either his direct appeal to the Appellate Division or his application for leave to appeal to the New York Court of Appeals.  Moreover, the petitioner cannot mount a collateral attack in the state court on his conviction, based on his Fourth Amendment claim, because, under New York law, a claim that could have been presented on direct appeal to the Appellate Division, based on the facts in the trial record, but was not, must be denied if it is later presented to the trial court for review in a motion to vacate the judgment of conviction.  See CPL § 440.10(2)(c); Bossett, 41 F.3d at 829.

When a claim has not been exhausted fully it may be deemed exhausted if it is clear that the state court would find it procedurally barred.  See Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 170 (2d Cir. 2000).  Since Soundiata can no longer present his Fourth Amendment claim in state court, the claim is deemed procedurally forfeited.  Accordingly, the claim may be deemed exhausted by the court for the purpose of habeas corpus review.  See Spence, 219 F.3d at 170.

A federal court may not reach the merits of a procedurally defaulted claim "unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'"  Harris, 489 U.S. at 262, 109 S. Ct. at 1043.  As noted earlier, a "fundamental miscarriage of justice" exists where a constitutional violation has probably resulted in the conviction of one who is actually innocent.  Here, the petitioner makes no showing of cause or prejudice nor does he present any evidence to support a finding of actual innocence.

Moreover, a federal court may not grant habeas corpus relief on a Fourth Amendment claim where, as here, the state has provided an opportunity to the petitioner, during a pretrial evidentiary hearing, for full and fair litigation of his Fourth Amendment claim. See Stone v. Powell, 428 U.S. 465, 494-95, 96 S. Ct. 3037, 3052 (1976). Consequently, the petitioner is not entitled to habeas corpus relief on his Fourth Amendment claim.

## IV.  RECOMMENDATION

For the reasons set forth above, I recommend that petitioner's application for a writ of habeas corpus be denied.

## V.  FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, 500 Pearl Street, Room 2510, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Batts. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298,

300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v.

Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York                    Respectfully submitted,
      September 14, 2006


                                             *Kevin Nathaniel Fox*

                                             KEVIN NATHANIEL FOX
Copies mailed to:                            UNITED STATES MAGISTRATE JUDGE

Okiko Soundiata
Alyson J. Gill, Esq.